**Reversed and Remanded and Memorandum Opinion filed May 11, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00405-CV

### PRIMAVERA REALTY LLC, Appellant

### V.

### STAFFORD 59 & AIRPORT, LP; EDGE REALTY PARTNERS, LLC; AND EDGE REALTY CAPITAL MARKETS LLC, Appellees

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 21-DCV-284501**

## M E M O R A N D U M   O P I N I O N

This real estate dispute presents two questions:

(1) Is a party entitled to summary judgment based on a multi-part test when it has produced no evidence tending to support its entitlement to relief under various parts of that test?

(2) Is a party entitled to summary judgment on causes of action it did not address in its motion for summary judgment?

We answer both of these questions in the negative, reverse the trial court's summary

judgment, and remand the case for further proceedings.

## BACKGROUND

On October 4, 2019, appellees Stafford 59 & Airport, LP, Edge Realty Partners, LLC, and Edge Realty Capital Markets LLC (collectively, "Stafford 59") entered into a purchase agreement (the "Agreement") with appellant Primavera Realty's predecessor to sell a tract of commercial real estate in Fort Bend County, Texas. Primavera subsequently sued Stafford 59 for fraud, fraud in the inducement, negligent misrepresentation, promissory estoppel, and recission of the contract. Stafford 59 sought a traditional summary judgment based on a contractual disclaimer-of-reliance provision and argued that said disclaimer eliminated the element of reliance necessary for most of Primavera's claims. *See* Tex. R. Civ. P. 166a. Attached as evidence to Stafford 59's motion for summary judgment was (1) the Agreement, (2) an amendment to the Agreement, and (3) a bill of sale. The trial court granted summary judgment against all of Primavera's claims and this timely appeal followed.

## ANALYSIS

Primavera raises four issues on appeal that we consolidate into two arguments:[1] (1) the Agreement's disclaimer-of-reliance provision did not provide a basis sufficient to grant summary judgment on Primavera's claims, and (2) the trial court erred by granting summary judgment on Primavera's mutual mistake claim because it was not addressed in Stafford 59's summary judgment motion. We

---

[1] Specifically, Primavera delineates its issues as follows: (1) "Did the district court err in granting Appellees['] summary judgment?"; (2) "Did Appellees conclusively establish that the merger clause and disclaimer of reliance barred Primavera's claims?"; (3) "Were Appellees entitled to summary judgment when they presented no evidence of the *Forest Oil* factors?"; and (4) "Did the district court err in granting summary judgment on Primavera's claim of mutual mistake when the claim was no addressed in the motion for summary judgment and reliance is not an element of the claim?"

2

address these issues below, beginning with our standard of review.

## I.     Standard of Review

Our review of a summary judgment is *de novo*. *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To be entitled to a traditional summary judgment, the movant must establish that there is no genuine issue of material fact so that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a; *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). Accordingly, a defendant who conclusively negates a single essential element of the plaintiff's cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508-09 (Tex. 2010).

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Lightning Oil*, 520 S.W.3d at 45. Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

## II.     Disclaimer-of-Reliance Provision

Primavera alleged Stafford 59 made affirmative misrepresentations during their negotiations and fraudulently induced it to purchase property based on misrepresentations and nondisclosures regarding (among other things) the development of a hotel. Stafford 59 countered that Primavera's claims concerning fraud, fraud in the inducement, negligent misrepresentation, and promissory estoppel each require the element of reliance[2] and that it is entitled to summary judgment

---

[2] *See Mercedes-Benz USA, LLC v. Carduco, Inc.*, 583 S.W.3d 553, 554 (Tex. 2019) ("To

based on a disclaimer-of-reliance provision in the Agreement.

Disclaimer-of-reliance provisions typically evidence a buyer's agreement that it is entering into a contract relying solely upon its own judgment rather than statements or representations by the seller. *See Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 178-81 (Tex. 1997). Proof of an enforceable disclaimer-of-reliance provision can, as a matter of law, preclude a fraudulent-inducement claim. *Int'l Bus. Mach. Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 229 (Tex. 2019); *Schlumberger*, 959 S.W.2d at 181. The enforceability of a disclaimer-of-reliance provision is (1) a question of law (*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011) (citing *Schlumberger*, 959 S.W.2d at 181)) and (2) potentially dispositive. *See Pogue v. Williamson*, 605 S.W.3d 656, 666 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

The threshold requirement for an effective disclaimer of reliance is that the contract language be "clear and unequivocal" in its expression of the parties' intent to disclaim reliance. *See Italian Cowboy Partners*, 341 S.W.3d at 331-32 & n.4, 336, 337 n.8; *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 60 (Tex. 2008); *Schlumberger*, 959 S.W.2d at 179. If the contract language contains such an expression, then courts proceed to analyze whether the disclaimer should be

---

prevail on a fraud claim, a plaintiff must prove that it actually and justifiably relied on a factual misrepresentation to its detriment."); *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 654 (Tex. 2018) (to prevail on a negligent misrepresentation claim, the plaintiff must show, *inter alia*, that it experienced pecuniary loss by justifiably relying on the representation); *Griffith Truck & Equip., Inc. v. Flash Tank Servs., Inc.*, No. 14-21-00331-CV, 2022 WL 2920693, at *4 (Tex. App.—Houston [14th Dist.] July 26, 2022, no pet.) (mem. op.) ("Under Texas law, the elements of promissory estoppel are: (1) a promise; (2) foreseeability by the promisor of reliance on the promise; and (3) substantial reliance by the promisee to his detriment."); *cf. Cunningham v. Waymire*, 612 S.W.3d 47, 68 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("Civil conspiracy is 'derivative' such that it is 'connected to the underlying tort and survives or fails alongside it.'") (quoting *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 140-41 (Tex. 2019)).

enforced based upon the contract and the totality of the surrounding circumstances, including an analysis of whether: "the terms of the contract were negotiated, rather than boilerplate"; during negotiations "the parties specifically discussed the issue which [became] the topic of the subsequent dispute"; "the complaining party was represented by counsel"; "the parties dealt with each other in an arm's length transaction"; and "the parties were knowledgeable in business matters." *Italian Cowboy Partners*, 341 S.W.3d at 336 n.8 (citing *Forest Oil*, 268 S.W.3d at 60).

Assuming *arguendo* that the disclaimer at issue is clear and unequivocal, this court's precedent holds that we may examine the contract for evidence of these five factors. *See Cmty. Mgmt., LLC v. Cutten Dev., L.P.*, No. 14-14-00854-CV, 2016 WL 3554704, at *5 (Tex. App.—Houston [14th Dist.] June 28, 2016, pet. denied) (mem. op.) (citing *Leibovitz v. Sequoia Real Estate Holdings, L.P.*, 465 S.W.3d 331, 343 (Tex. App.—Dallas 2015, no pet.) ("[T]he Agreement states that it was 'jointly drafted' by the parties, which indicates its terms were negotiated."); *McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 331 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (looking to the terms of the contract to determine that it resulted from an arm's length transaction)); *but see Berry v. Encore Bank*, No. 01-14-00246-CV, 2015 WL 3485970, at *11 (Tex. App.—Houston [1st Dist.] June 2, 2015, pet. denied) (mem. op.) ("The first **extrinsic** factor is whether the terms of the guaranty were negotiated.") (emphasis added). Stafford 59 has not pointed us to any summary judgment evidence tending to prove that the language in the contract was not boilerplate. *See Boilerplate*, Black's Law Dictionary (11th ed. 2019) ("Ready-made or all-purpose language that will fit in a variety of documents . . . . Fixed or standardized contractual language that the proposing party views as relatively nonnegotiable."). Therefore, the first factor weighs against enforcing the disclaimer.

The second factor examines whether the parties specifically discussed the

issue that became the topic of their dispute during their negotiations. While Stafford 59's motion for summary judgment does not reveal any information tending to prove that the parties' negotiations included the hotel development, our *de novo* review of the record reveals this evidence in Primavera's summary judgment response. There, Gary Chen's affidavit recited terms of the Agreement and acknowledged that prior to the Agreement, Stafford 59 had represented that (1) "a hotel developer is expected to close on the tract of property," (2) it had completed all of the work "required by the hotel developer's agreement," and (3) that its "agreement with the hotel developer was already nonrefundable." This evidence established that the parties discussed the hotel development before signing the Agreement; this same development ultimately became the topic of the parties' dispute. *See McLernon*, 347 S.W.3d at 331 ("The inquiry under this guideline cannot be whether they discussed the fraudulent-inducement claim or whether he was aware of the misrepresentations at issue."). Therefore, this factor weighs in favor of enforcing the disclaimer.

The third factor examines whether Primavera was represented by counsel; it was not. While we acknowledge Stafford 59's argument that it remains entitled to summary judgment because Primavera "had the opportunity to consult with counsel," we decline the invitation to conclude that the opportunity to consult with counsel constitutes representation by counsel for the purposes of *Forest Oil* (particularly given the absence of any evidence tending to prove it had the opportunity to consult with counsel); if the supreme court had intended for the opportunity to consult with counsel to suffice, it would have said so. We also note that despite Stafford 59's representations, its lead citation does not stand for this proposition. *See Worldwide Asset Purchasing, L.L.C. v. Rent-A-Center E., Inc.*, 290 S.W.3d 554, 568 (Tex. App.—Dallas 2009, no pet.) (deposition testimony revealed the complaining party's "in-house counsel reviewed the contract" and the court did

6

not use the word "opportunity"). Therefore, this factor weighs in favor of not enforcing the disclaimer.

The fourth factor examines whether the parties dealt with each other at arm's length. Primavera failed to brief this issue and thus waived it. *See* Tex. R. App. P. 38.1(i); Tex. R. Civ. P. 166a(c). Therefore, this factor weighs in favor of enforcing the disclaimer.

The fifth factor examines whether the parties were knowledgeable in business matters. While we acknowledge Stafford 59's argument to the trial court that Primavera's corporate name (Primavera Realty LLC) proves it is in the business of realty and that this therefore makes it an "experienced, sophisticated real estate entit[y]", Stafford 59 did not introduce any evidence supporting its contention that Primavera is either experienced or sophisticated. *See* Tex. R. Civ. P. 166a(c); Tex. R. App. P. 38.1(i) (appellate briefs must contain citations to the record). Further, Stafford 59 also does not point us to any Texas court that has relied upon a corporation's name alone to conclude it is experienced or sophisticated. *See* Tex. R. App. P. 38.1(i) (requiring appellate briefs to contain citations to authorities). We decline Stafford 59's invitation to become the first court to hold that a party is experienced or sophisticated based on its corporate name alone. Therefore, this factor weighs against enforcing the disclaimer.

Courts must also look beyond the foregoing non-exclusive factors and examine the totality of the circumstances. *See Forest Oil*, 268 S.W.3d at 60. After reviewing the record, the briefs (neither of which identify any additional circumstances we should consider), the *Forest Oil* factors, and the totality of the circumstances, we conclude that Stafford 59 failed to conclusively establish that the disclaimer-of-reliance clause precluded Primavera's claims. Therefore, the contract's disclaimer-of-reliance clause does not supply a basis to support the trial

court's summary judgment on Primavera's fraud, fraud in the inducement, negligent misrepresentation, and promissory estoppel claims. *See* Tex. R. Civ. P. 166a; *Fielding*, 289 S.W.3d at 848. We sustain Primavera's issues challenging the trial court's summary judgment on this basis.

### III.  Mutual Mistake Claim

Primavera also asserts that the trial court erred in granting summary judgment on its claim of mutual mistake because the claim was not addressed in Stafford 59's motion for summary judgment. Stafford 59 concedes it did not address mutual mistake but asserts that it was not required to do so because mutual mistake is an affirmative defense as applied to a claim for affirmative relief. *See generally Bank One, Tex., N.A. v. Stewart*, 967 S.W.2d 419, 455 (Tex. App.—Houston [14th Dist.] 1998, pet. denied) (recission is an equitable remedy). Under the circumstances of this case, we disagree.

In Primavera's original petition it asserted:

> Pleading in the alternative, in the unlikely event that Defendants labored under the misconception that the Opening Requirement would be satisfied, the sales agreement and transaction should be rescinded under the doctrine of mutual mistake.

"Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases its claim. The purpose of this rule is to give the opposing party sufficient information to enable it to prepare a defense. *Id*.

A court cannot grant summary judgment on grounds that were not presented.

8

*Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 204 (Tex. 2002). A judgment that grants relief on all of the plaintiff's claims is erroneous if the defendant only moved for summary judgment on some of the plaintiff's claims. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).

While mutual mistake is ordinarily pleaded as an affirmative defense, Primavera asserted "the sales agreement should be rescinded under the doctrine of mutual mistake." This language provided Stafford 59 with fair notice that Primavera sought affirmative relief. *See Horizon/CMS Healthcare Corp.*, 34 S.W.3d at 896. The trial court therefore erred when it granted summary judgment on an affirmative request for relief that was not requested. *See Tribble & Stephens Co. v. RGM Constructors, L.P.*, 154 S.W.3d 639, 658 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (plurality op.) (trial court reversibly granted summary judgment on causes of action that were not addressed in the defendant's motion for summary judgment); *see also Johnson*, 73 S.W.3d at 204; *Lehmann*, 39 S.W.3d at 200. We sustain Primavera's issue challenging the trial court's summary judgment on this basis.

## CONCLUSION

Having sustained all of Primavera's re-stated issues, we (1) reverse the trial court's summary judgment on Primavera's claims of fraud, fraud in the inducement, negligent misrepresentation, promissory estoppel, and civil conspiracy, (2) reverse the trial court's summary judgment on Primavera's claim of mutual mistake, and (3) remand for further proceedings.


/s/     Meagan Hassan
           Justice

9

Panel consists of Justices Zimmerer, Spain, and Hassan.